IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV212-MU
3:05CV213-MU
3:05CV214-MU
3:05CV215-MU
3:05CV216-MU

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| RFS ECUSTA, INC. and | ) | |
| RFS US INC., | ) | |
| | ) | ORDER |
| Debtors, | ) | |
| | ) | |
| And Related Actions. | ) | |
| _____ | ) | |

This matter is before the court upon Objections to Withdrawal of the Reference filed by P.H. Glatfelter Company and Mollanvick, Inc. (the "Glatfelter Defendants") in case number 3:05CV213, Dechert LLP in case number 3:05CV212, and by the North Carolina Self-Insurance Guaranty Association ("NCSIGA") in case number 3:05CV216. These are the only parties who have filed written objections to withdrawal of the reference in response to this court's Order of May 6, 2005. A hearing was held on these matters on December 1, 2005.

## BACKGROUND

The Trustee in this Chapter 7 bankruptcy commenced numerous adversary proceedings. Three of these proceedings, the "Puri Action," the "Glatfelter Action," and the "Dechert Action" arose from the sale of the Ecusta Division and various related businesses and assets from the Glatfelter Defendants to Nathu Ram Puri ("Puri") through various businesses he controlled. Dechert LLP represented the debtors and other entities owned by Nat Puri in the acquisition.

1

Prior to this court's Order of May 6, the Trustee filed a motion to consolidate these three Actions in the Bankruptcy Court. The Glatfelter Defendants also moved to consolidate. The hearing on this motion was stayed because of the May 6 Order. No discovery has begun.

The proceeding in which the NCSIGA is a Defendant is an adversary proceeding against Glatfelter and various other North Carolina parties, including the NCSIGA. In this action, the Trustee seeks to recover a $1.6 million deposit now held by the North Carolina Department of Insurance which the Trustee alleges is property of the estate. The Trustee also seeks to recover from Glatfelter multiple transfers the Debtors made on behalf of Glatfelter to numerous claimants of workers' compensation benefits. This adversary proceeding has been stayed by the Bankruptcy Court pending litigation in the North Carolina appellate courts.

## DISCUSSION

In exercising the discretion to withdraw reference in a case of permissive withdrawal, the court may consider and balance the following factors: (1) whether the matter is a core proceeding; (2) the uniform administration of bankruptcy proceedings; (3) expediting the bankruptcy process and promoting judicial economy; (4) the efficient use of debtors' and creditors' resources; (5) the reduction of forum shopping; and (6) the preservation of the right to a jury trial. See In re Sevko, Inc., 143 B.R. 114, 117 (N.D.Ill. 1992); Wedtech Corp. v. London (In re Wedtech Corp.), 81 B.R. 237, 239 (S.D.N.Y. 1987).

First of all, the court notes that the objections of the Glatfelter Defendants to withdrawal of the reference were based solely on their Motion for Recusal, which the court has denied. Since no substantive objections have been raised, this Order will address only the objections of Dechert and the NCSIGA.

2

**The Dechert Proceeding:**

In this adversary proceeding, the Trustee seeks about $1 million in legal fees paid to Dechert for its legal work in connection with the acquisition of the Ecusta assets based on fraudulent conveyance and avoidable preference. The Trustee's theory is that the Debtors overpaid Dechert for its legal services in relation to the acquisition because the Debtors did not receive all the benefits for the transaction but paid the entire bill.

Dechert's main argument against withdrawal is that the claims against it are limited, factually narrow, and have minimal relationship to the other actions. It maintains that substantial delay and prejudice will occur if the matter is withdrawn and consolidated with the other actions against the Glatfelter and Puri Defendants.

After carefully considering the briefs filed by the parties as well as counsels' arguments at the hearing, the court finds that the reference should be withdrawn in the Dechert proceeding. Despite Dechert's efforts to minimize the interrelationship between this proceeding and the others, the Dechert Action appears to be significantly intertwined with the other Actions. The claim against Dechert and the claims against the Defendants in the related proceedings arise from the same transaction–the sale of the Ecusta Assets to entities within Puri's control. The Trustee's theory is that Dechert played a central role in enabling Puri to accomplish his alleged scheme to defraud the Debtors' creditors by having the Debtors overpay for the assets they received and pay all of the fees and expenses related to the entire transaction. The amount of fees and expenses Dechert should be entitled to retain will largely depend on findings that will be made in the related proceedings. There exist numerous significant common issues.

In addition to the degree of interrelatedness of the Dechert proceeding with the other proceedings, one of the most significant factors favoring withdrawal is the efficient use of debtor and creditor resources. Due to the overlapping facts and legal issues, trying these cases with one judge will save the Trustee and the court significant time and resources and will increase the amount available for distribution to the creditors. Moreover, withdrawal of some proceedings and not others could result in a very real risk of inconsistent outcomes.

Accordingly, the court finds that factors two, three and four overwhelmingly weigh in favor of withdrawal of the reference in the Dechert Action.

**The NCSIGA Action:**

The NCSIGA has also filed an objection to withdrawal of the reference. This particular adversary proceeding involves the ownership and proper use of a $1.6 million Certificate of Deposit currently held by the North Carolina Department of Insurance. At the hearing, the parties represented to the court that based upon the conclusion of litigation in the North Carolina courts, the objection of the NCSIGA to withdrawal of the reference may soon be moot, as all the North Carolina Defendants may soon be dismissed by the Trustee. The parties were directed to give the court a status report. As of today, they have not done so. Accordingly, the court hereby directs the Trustee and the NCSIGA to jointly report to the court in writing the status of the $1.6 million CD, and whether the Trustee is prepared at this point to dismiss the NCSIGA from this action.

IT IS THEREFORE ORDERED that the Motion to Withdraw Reference in these proceedings with the exception of 3:05CV216 is hereby GRANTED. The court holds its decision as to whether to withdraw the reference in 3:05CV216 in abeyance until such time as

the parties report to the court the status of this proceeding with regard to the NCSIGA. The Trustee and the NCSIGA are hereby directed to report such status to the court within ten days of the date of entry of this Order.

Signed: January 31, 2006

Graham C. Mullen
United States District Judge