

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

MAR 1 8 2008

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| RFS ECUSTA INC. and<br>RFS US INC., | : | **Dist. Ct. Case No.<br>3:06-cv-386-MU** |
| | : | Bankr. Ct. Case Nos.<br>03-10358 (GRH)<br>and 03-10360 (GRH) |
| Debtors. | : | (Jointly Administered) |
| LANGDON M. COOPER,<br>as Chapter 7 Trustee for the estates of<br>RFS ECUSTA INC. AND RFS US INC., | : | **Dist. Ct. Case No.<br>3:05-cv-214-MU** |
| Plaintiff, | : | Bank. Ct. Adv. Pro. No.<br>04-3233 |
| v. | : | |
| NATHU RAM PURI, UPENDRA K. PURI, AJAY BADHWAR, STEVEN H. SMITH, PURICO (IOM) LIMITED, PURICO US, INC., RF & SON, INC., DOORLOCK, LIMITED, ECUSTA FIBERS, LTD., ECUSTA AUSTRALIA PTY. LTD., PURICO GMBH, ENVIRONMENTAL DESIGN CONSULTANCY, P.H. GLATFELTER COMPANY and MOLLANVICK, INC., | : | |
| Defendants. | : | |
| LANGDON M. COOPER,<br>as Chapter 7 Trustee for the estates of<br>RFS ECUSTA INC. AND RFS US INC., | : | **Dist. Ct. Case No.<br>3:05-cv-215-MU** |
| Plaintiff, | : | Bank. Ct. Adv. Pro. No.<br>03-3352 |
| v. | : | |
| NATHU RAM PURI, PURICO (IOM) LIMITED, ANCEFIN, LTD., and TOTAL ACCEPTANCES LIMITED, | : | |
| Defendants. | : | |

| | |
|---|---|
| LANGDON M. COOPER,<br>as Chapter 7 Trustee for the estates of<br>RFS ECUSTA INC. and RFS US INC., | **Dist. Ct. Case No.**<br>**3:05-cv-216-MU** |
| Plaintiff, | Bankr. Ct. Adv. Pro. No.<br>04-3069 |
| v. | |
| P.H. GLATFELTER COMPANY, NORTH CAROLINA INDUSTRIAL COMMISSION, NORTH CAROLINA DEPARTMENT OF INSURANCE, NORTH CAROLINA SELF-INSURANCE GUARANTY ASSOCIATION, JAMES GOODSON, WACHOVIA BANK, N.A., JOHN DOE 1 through unknown and JANE DOE 1 through unknown, | |
| Defendants. | |
| LANGDON M. COOPER,<br>as Chapter 7 Trustee for the estates of<br>RFS ECUSTA INC. and RFS US INC., | **Dist. Ct. Case No.**<br>**3:05-cv-213-MU** |
| Plaintiff, | Bankr. Ct. Adv. Pro. No.<br>04-3232 |
| v. | |
| P.H. GLATFELTER COMPANY; MOLLANVICK, INC.; JEMSITE DEVELOPMENT, LLC; STATE EMPLOYEES CREDIT UNION; WACHOVIA BANK, N.A.; TRSTE, INC. and ALLFIRST TRUST COMPANY, N.A. n/k/a M&T BANK, | |
| Defendants. | |
| P.H. GLATFELTER COMPANY and MOLLANVICK, INC., | **Dist. Ct. Case No.**<br>**3:05-cv-213-MU** |
| Counterclaim and Third Party Plaintiff, | Bankr. Ct. Adv. Pro. No.<br>04-3232 |
| v. | |

| | |
|---|---|
| LANGDON M. COOPER,<br>as Chapter 7 Trustee for the Estates of<br>RFS ECUSTA INC. and RFS US INC.,<br>NATHU RAM PURI, UPENDRA K. PURI,<br>PURICO (IOM) LIMITED, PURICO US, INC.,<br>RF & SON, INC., PURICO GmbH, and<br>ALLFIRST TRUST COMPANY, N.A. n/k/a<br>M&T BANK Corporation as escrow agent,<br><br>          Counterclaim and Third Party Defendants. | |
| LANGDON M. COOPER,<br>as Chapter 7 Trustee for the estates of<br>RFS ECUSTA INC. and RFS US INC.,<br>                                    Plaintiff,<br><br>        v.<br><br>DECHERT LLP,<br>                                    Defendant. | **Dist. Ct. Case No.**<br>**3:05-cv-212-MU**<br><br>Bankr. Ct. Adv. Pro. No.<br>04-3231 |

## FINAL JUDGMENT AND BAR ORDER

The matter of this order (the "Final Judgment and Bar Order") having come before the Court on the *Motion of Langdon M. Cooper, as Chapter 7 Trustee of the Debtors, For: (1) Order Approving Settlement Agreement and Release by and Among the Trustee, the Puri Parties, Columbia Casualty Company, CNA Financial Corporation, Steven H. Smith, P. H. Glatfelter and Mollanvick, Inc. and Also for (2) Final Judgment and Bar Order with Respect to the Puri Parties and Enjoining All Persons or Entities From Asserting Any Indemnity or Contribution Claims Against the Puri Parties* (the "Motion"), dated January __, 2008, of Langdon M. Cooper, as Chapter 7 Trustee (the "Trustee") for the bankruptcy estates (the "Estates") of RFS Ecusta Inc. and RFS US Inc. (together, the "Debtors"), requesting the entry of

orders pursuant to sections 105(a) of title 11 of the United States Code and Rules 7001, 7016, 7065 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving the settlement agreement (the "Settlement Agreement"),[1] annexed to the Motion as "**Exhibit A**"; the Motion having been granted by this Court by order entered on February __, 2008 (the "Settlement Approval Order"); this Court having received a request for entry of this Final Judgment and Bar Order in accordance with the Settlement Approval Order; it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); it appearing that venue of this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409; it appearing that notice of the Motion and the opportunity for a hearing were appropriate under the particular circumstances and that no other or further notice in advance of the approval and entry of this Final Judgment and Bar Order need be given; the Court having considered the Motion and the Settlement Agreement, received evidence and heard arguments, including any objections to the Motion, as reflected on the record of the hearing on the Motion; it appearing that the relief provided in this Final Judgment and Bar Order is in the best interests of the Debtors, the Estates and their creditors; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1. This Final Judgment and Bar Order is issued pursuant to, and in accordance with, the Settlement Approval Order, the terms of which are hereby incorporated by reference.[2]

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Settlement Agreement.

[2] This Final Judgment and Bar Order, together with the Settlement Approval Order, constitutes the Court's findings of fact and conclusions of law under Fed. R. Civ. P. 52, as made applicable by Bankruptcy Rules 7052 and 9014.

2. As used in this Final Judgment and Bar Order, the following terms (together with their cognate forms) have the meanings specified below:

(a) "Bankruptcy Cases" means the above-captioned actions, as well as any and all related actions or adversary proceedings, regardless of where filed;

(b) "Puri Parties" means Nathu Puri, Upendra Puri, Ajay Badhwar, Purico IOM, Doorlock, Ltd., Ecusta Australia Pty Ltd., Purico GmbH, Ancefin, Ltd., and Environmental Design Consultancy;

(c) "Person" means an individual, corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity of any kind;

(d) "Releasees" means the Puri Parties and their predecessors, successors and assigns, and their present and former shareholders, affiliates (other than (i) RF & Son, Inc., (ii) Ecusta Fibres, Ltd. and (iii) Purico US, Inc. to the extent that they would be considered an affiliate or otherwise fall within this paragraph), subsidiaries, divisions, predecessors, directors, officers, attorneys (other than Dechert, LLP, including its predecessors, successors and assigns and any individual or attorney formerly or currently employed by Dechert, LLP), employees, agents and other representatives;

(e) "Released Claims" means all manner of actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands whatsoever, of whatever kind of nature, whether known or unknown, or suspected or unsuspected, in law or in equity, that Releasors ever had, now have, or may have in the future, known or unknown, against the Releasees, upon or by reason of any

matter that may relate directly or indirectly to any and all claims or allegations that were asserted or could have been asserted in these proceedings; and

        (f)    "Releasors" means the Trustee, the Debtors and the Estates and any and all of their successors, assigns, or other legal representatives.

3.    The claims of the Trustee against the Puri Parties, including, without limitation, those assigned to the Trustee or the Estate by P.H. Glatfelter Company, are dismissed with prejudice, with each party to bear its own costs.

4.    Upon entry of this Order and subject to the Effective Date (as defined in the Settlement Agreement), all Releasors shall (i) irrevocably be deemed for all purposes to have fully, finally, and forever released, relinquished, and discharged all Released Claims against the Releasees, (ii) irrevocably be deemed for all purposes to have covenanted to not sue Releasees with respect to any of the Released Claims, and (iii) be permanently barred and enjoined from instituting, commencing, prosecuting, or asserting any Released Claim against any of the Releasees or any of their property.

5.    All Persons, except Dechert LLP, (collectively, the "Enjoined Persons") are permanently barred, enjoined, and restrained from instituting, commencing, prosecuting, or asserting against any of the Releasees any claim for indemnity or contribution, however denominated (including, without limitation, any claim for breach of contract or misrepresentation, or any other claim), where the alleged injury to any such Enjoined Persons giving rise to such claim is such Person's actual or threatened liability to any of the Releasors, or costs of defending against, or settling, any claims asserted by any of the Releasors, arising out of or related to any claims or allegations that were or could have been asserted by the Trustee in the Bankruptcy Cases, in the Court, in any federal or state court, or in any other court, arbitration, proceeding, administrative agency, or other forum in the United States or elsewhere, whether arising under state, federal, or foreign law as claims, cross-claims, counterclaims, or third-party

claims, and all such claims (collectively, the "Barred Claims") shall be deemed for all purposes to be extinguished, discharged, satisfied, and unenforceable. The amount of any judgment that may be obtained by the Releasors against the Enjoined Persons, or any of them, shall be reduced by the amount, if any, for which the Releasees would, in the absence of this Final Judgment and Bar Order, be liable to the Enjoined Persons by way of claims for contribution, indemnity, or otherwise, whether in this action or in any other actions in respect of the Barred Claims. The amount of such reduction or credit, if any, to which any Enjoined Person shall or may be entitled shall be determined by this Court, or such other court where such claims are pending or brought, in accordance with principles of law and equity and procedures then applicable, this Court having decided that it is not necessary for the purposes, or the finality or the effectiveness of this Final Judgment and Bar Order that such reduction or credit determination (or the procedures and methods of making such reduction or credit determination), if any, be adjudicated at this time. Notwithstanding anything contained in Section 3.4(e) of the Settlement Agreement (including Exhibit D to the Settlement Agreement) to the contrary, the provisions of this Bar Order permanently enjoining, barring and restraining the Enjoined Persons from instituting, prosecuting, pursuing or litigating in any manner the Barred Claims shall not apply to Dechert LLP.

6. Without in any way limiting the scope of decretal paragraphs 4 and 5 of this Order, each Releasor further agrees that if any claim or cause of action is commenced, asserted, continued or pursued by, on behalf of, or for the benefit of any of the Releasors against any Person, including but not limited to Dechert LLP, and, as a direct or indirect result thereof, any Person, including but not limited to Dechert LLP, seeks or may seek any claim for indemnity or contribution, however denominated (including, without limitation, any claim for breach of contract or misrepresentation, or any other claim), where the alleged injury to any such Person, including but not limited to Dechert LLP, giving rise to such actual or threatened claim is such

Person's actual or threatened liability to any of the Releasors, or costs, including reasonable attorneys' fees, of defending against, or settling, any claims asserted by any of the Releasors, arising out of or related to any claims or allegations that were or could have been asserted by the Trustee in the Bankruptcy Cases, in the Court, in any federal or state court, or in any other court, arbitration, proceeding, administrative agency, or other forum in the United States or elsewhere, whether arising under state, federal, or foreign law as claims, cross-claims, counterclaims, or third-party claims ("Contribution or Indemnity Claims"), then no such Releasor shall execute on, collect on, obtain a lien based upon, or otherwise perfect or use in any manner any judgment or settlement in its favor unless the Releasor either: (i) first reduces the judgment or settlement amount or otherwise structures such judgment or settlement, by agreement or otherwise, such that all liability of the Releasees based upon Contribution or Indemnity Claims is eliminated, or (ii) indemnifies the Releasees by holding the amount recovered pursuant to the judgment or settlement, subject to disbursement only upon Order of this Court after notice to the Releasees and a hearing, for the purpose of satisfying all liability of the Releasees with regard to the actual or threatened Contribution or Indemnity Claims. The Releasor shall provide the counsel to defend, and shall assume all of the costs, including reasonable attorneys' fees, of such defense of these actual or threatened Contribution or Indemnity Claims, up to and from the amount that the Releasor recovers from such Person, plus the $100,000 sum discussed below. The maximum liability of the Releasors to the Releasees is the amount recovered by the Releasors from the Persons asserting Contribution or Indemnity Claims plus $100,000. The Releasors shall have the right to appear and be heard in all respects, including filing an opposition or counterclaim, in connection with such Contribution or Indemnity Claims, and the Releasees shall fully cooperate with the Releasors with respect to the Releasor's defense and opposition to such Contribution or Indemnity Claims. In the event that any litigation claim by the Releasors against any Person for any Contribution or Indemnity Claim remains pending, the Estates shall, in addition to

maintaining the amount recovered as provided above, maintain net unencumbered cash in an amount no less than $100,000 to support Releasors' obligations under this Paragraph until such time as all litigation claims by the Releasors and all Contribution and Indemnity Claims are fully and finally resolved. If a Releasee shall desire to retain its own separate counsel, it may do so at its expense and in that event the counsel provided by Releasor to Releasee and the separate counsel retained by Releasee shall cooperate in good faith.

7. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court hereby finds that there is no just reason for delay and directs the entry of final judgment.

8. This Court (or any higher Court of competent jurisdiction) shall retain jurisdiction to resolve any disputes under, to interpret, implement, and enforce the provisions of this Final Judgment and Bar Order.

IT IS SO ORDERED.

_____
GRAHAM C. MULLEN
UNITED STATES DISTRICT JUDGE

Dated: 18 March, 2008